JOHN G. AVERY vs. GEORGE A. CRAIG & another, executors.

Worcester.   January 13, 1899. — March 4, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Partnership — Equity Practice — Findings of Master — Appeal from Decree.*

Upon an appeal from a decree of a justice of the Superior Court sitting in equity on questions of fact arising upon exceptions to a master's report, his findings will not be reversed unless they clearly appear to be erroneous.

BILL IN EQUITY, filed January 26, 1897, in the Superior Court, against the executors of the will of Richard Sugden, to settle the affairs of a partnership.   At the hearing, a decree was entered dismissing the bill, with costs; and the plaintiff appealed to this court.   The facts appear in the opinion.

*B. W. Potter & A. W. Curtis,* for the plaintiff.

*F. W. Blackmer & E. H. Vaughan,* for the defendants.

LATHROP, J.   This is a bill in equity, filed in the Superior Court on January 26, 1897, to settle the affairs of a partnership. The case was referred to a master, who found the following facts.   In December, 1885, the plaintiff and Richard Sugden, the defendants' testate, who died on January 8, 1895, made a verbal agreement with each other to engage in the manufacture and sale of water filters.   By the terms of the agreement, Sugden was to furnish the capital without interest, and the plaintiff was to give his time to the business and have the general management thereof, but without charge therefor, and any profits realized were to be divided equally.   Between January 2, 1886, and January 12, 1886, Sugden contributed in money $2,170, and building materials valued at $158.67, amounting in all to $2,328.   The total amount expended in running the business, up to and including the date of July 12, 1886, was $1,991.73, leaving a balance in favor of Sugden of $336.94.

In July, 1886, Sugden was in Virginia, and while there he received a notice from the plaintiff that more money was needed in the business, in response to which Sugden sent him a check for $300, and also a letter received by the plaintiff on or before July 12.   In this letter Sugden wrote: " I will not pay another

dollar to the Filter Co., therefore you will shape the affairs of the company, with the understanding that, if you cannot carry on the business with the present capital and will not put any capital into the concern yourself, you had better wind it up." The effect of this letter was to terminate the partnership, except so far as it was necessary to wind up the business. Sugden furnished no more money, nor in any way participated therein, except that he collected $16 from one Pickford, on June 8, 1888, and retained the same.

The seventh clause of the master's report was as follows: " I find that said Avery continued to carry on said business from July 12, 1886, until May 7, 1889, in substantially the same manner as theretofore, and during the time between said dates inclusive expended in that and other businesses ·in which he engaged the further sum of $4,129.21, and received the further sum of $1,419.34; but of the amount thus expended no separate account was kept, nor did it appear in evidence how much was expended towards winding up the business of the Diamond Filter Company, or how much on account of new business, or how much on account of other business in which he engaged ; and of the sums thus received no separate account was kept, nor did it appear in evidence how much was received on account of business prior to July 12, 1886, or subsequent thereto."

There are other findings of the master, of which it is necessary to mention only the following: " I find that at the date of the filing of the plaintiff's bill there was nothing due or payable from either the plaintiff or defendants to the other." Annexed to the master's report was a copy of all the evidence taken before him.

The plaintiff filed exceptions to the report on matters of fact; and a hearing was had before a justice of the Superior Court, who entered a decree dismissing the bill, with costs. The case comes before us on an appeal from this decree.

We have examined the master's report, the exceptions, and the evidence. The questions before us are purely questions of fact. It would serve no useful purpose to discuss the evidence. It is enough to say that, in our opinion, the findings of the master were right, and the decree must be affirmed.

*So ordered.*